UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT,<br><br>    Petitioner,<br><br>    v.<br><br>JOE BIDEN,<br><br>    Respondent. | No.  2:23-cv-0619 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, proceeding pro se, has filed what purports to be a petition for habeas relief under 28 U.S.C. § 2245. ECF No. 1. He also seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 5. Petitioner's application to proceed in forma pauperis makes the necessary showing that he is unable to afford the cost of suit and will be granted.

Petitioner asserts that he is attempting to remove his criminal proceedings in Yolo County Superior Court Case number CR21-2111. ECF No. 1 at 1. The petition is largely unintelligible, but it appears to allege a litany of constitutional rights violations and violations of the Americans with Disabilities Act stemming from competency proceedings in petitioner's criminal case. Id. at 1-11. Petitioner also requests that the court discharge his criminal charges. Id. at 11.

I.    Removal

To the extent petitioner is attempting to remove a criminal proceeding in which he is the defendant, he fails to establish that his case qualifies for removal.

1

> Section 1443 gives a right of removal to, among others, certain petitioners who claim federally secured rights as a defense to a state prosecution. The Supreme Court, however, has given section 1443 a restrictive interpretation. In two related cases in 1966, Georgia v. Rachel, 384 U.S. 780, 86 S. Ct. 1783, 16 L. Ed. 2d 925, and Greenwood v. Peacock, 384 U.S. 808, 86 S. Ct. 1800, 16 L. Ed. 2d 944, the Court set out the narrow parameters of this right. All petitions for removal must satisfy two criteria: First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. (Georgia v. Rachel, supra at 788-792, 86 S. Ct. 1788-1790; Greenwood v. Peacock, supra at 824-827, 86 S. Ct. at 1810-1812.) Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights. Bad experiences with the particular court in question will not suffice. (Georgia v. Rachel, supra at 794-804, 86 S. Ct. at 1791-1797; Greenwood v. Peacock, supra at 827-828, 86 S. Ct. at 1812-1813.)

People of the State of Cal. v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970) (footnote omitted). Evaluation of the petition shows that petitioner has failed to meet either criteria.

II.     Habeas Corpus

To the extent petitioner is attempting to bring a petition for writ of habeas corpus under 28 U.S.C. § 2254, it appears that any potential claims are unexhausted and final judgment may not have been entered yet. According to the Yolo County Superior Court's docket, Case No. CR21-2111 was filed on August 13, 2021, and is still active.[1] A further search of the California Supreme Court's docket shows that the most recent case initiated by an individual named David Bennett was resolved nearly five years before the relevant case against plaintiff was initiated. Since it appears there may not be a final judgment and, even if there is, any claims would be unexhausted, the petition must be denied. See 28 U.S.C. § 2254(a), (b)(1) (petitioner must be "in custody pursuant to the judgment of a State court" and relief cannot be granted unless state court remedies have been exhausted).

////

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

If petitioner is attempting to bring a petition pursuant to 28 U.S.C. § 2241, the petition should also be denied. Under § 2241, the courts have jurisdiction to consider a habeas petition brought by a pretrial detainee. McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (citations omitted). Under § 2241(c)(3), a pretrial detainee may seek a writ of habeas corpus where "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." Section 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus. However, [the Ninth Circuit] require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001) (citations and footnote omitted), abrogated on other grounds by Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006). A petitioner satisfies the exhaustion requirement by fairly presenting all federal claims to the highest state court before presenting them to the federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations omitted). Here, it does not appear that petitioner has exhausted his available state court remedies and, while petitioner makes unspecified claims of ineffective assistance of counsel, he has provided no reason why he was unable to seek relief in the state courts on his own. Accordingly, the petition should be dismissed.

### III. Conversion to Civil Rights Action

The court should also decline to offer petitioner the option to convert his claims to an action under § 1983. A habeas corpus action and a prisoner civil rights suit differ in a variety of respects, such as the proper defendants, type of relief available, filing fees and the means of collecting them, and restrictions on future filings. Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016) (en banc) (quoting Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011)). For example, unlike in a habeas action, a civil rights action would require petitioner to pay the full amount of the $350.00 filing fee, even if he is given leave to proceed in forma pauperis under 28 U.S.C. § 1915. Petitioner would be responsible for an initial partial filing fee and thereafter payments from his trust account would be forwarded to the clerk of court any time the amount in the account exceeded $10 until the filing fee was paid. 28 U.S.C. § 1915(b)(1)-(2). Additionally, the exhaustion requirements for a § 1983 case also differ from those required in a habeas action, and

1 dismissal of a § 1983 complaint as frivolous or malicious or for failure to state a claim can have
2 adverse effects on petitioner's ability to proceed in forma pauperis in future civil actions. See 28
3 U.S.C. § 1915(g) (limiting ability to proceed in forma pauperis after three or more civil actions
4 are dismissed as frivolous or malicious or for failure to state a claim); 42 U.S.C. § 1997e(a)
5 (exhaustion requirement for § 1983 cases). Due to these differences, the disadvantages that re-
6 characterization may have on petitioner's claims, and petitioner's references to another case he is
7 pursuing in this court that appears to address any claims that would give rise to a civil rights
8 action,[2] this court should decline to provide the option to re-characterize the petition as a civil
9 rights complaint.

      IV.    Miscellaneous Relief

Petitioner has filed motions requesting a protective order, discovery, to expedite processing of his in forma pauperis application, to grant him certified student status, and appointment of counsel or a guardian ad litem. ECF Nos. 4, 6, 8, 9.

Petitioner's motion for a protective order, which appears to seek deletion of his social media accounts, will be denied as it is outside of the scope of the court's authority. The request to expedite consideration of petitioner's in forma pauperis application will be granted to the extent his application has now been granted. Petitioner's request to granted certified student status will be denied because he is not a law student under the supervision of a licensed attorney. See L.R. 181.

In light of the recommendation that this action be dismissed, petitioner's motions for discovery and appointment of counsel will also be denied. There currently exists no absolute right to appointment of counsel in habeas proceedings. Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A(a)(2) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." Given the grounds for dismissing this action, appointment of counsel would not be in the interests of justice. With respect to the request

---

[2] Petitioner references Bennett v. Monroe Detention Center, No. 2:22-cv-2157 DB (E.D. Cal.), which is a civil rights action that, as best as the court can make out, appears to address the Americans with Disabilities Act claims and claims of unconstitutional mental health care raised in the instant petition.

for a guardian ad litem, petitioner has not established that one is required and that request will also be denied. See Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005) (a pro se party "is entitled to a competency determination when substantial evidence of incompetence is presented" (emphasis added)).

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 5) is GRANTED.

2. Petitioner's motions for a protective order, discovery, and appointment of counsel or a guardian ad litem (ECF Nos. 4, 6, 9) are DENIED.

3. Petitioner's motion to expedite his in forma pauperis application and grant him certified student status (ECF No. 8) is GRANTED to the extent the application to proceed in forma pauperis has been granted and is otherwise DENIED.

4. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the petition be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 3, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE