1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DAVID BENNETT,                            No.  2:23-cv-0619 DAD AC P

12                  Petitioner,

13          v.                                  ORDER

14    JOE BIDEN,

15                  Respondent.

16

17          Petitioner, proceeding pro se, has filed a motion for an extension of time to file objections

18    to the November 6, 2023 findings and recommendations.  ECF No. 11.  Objections are currently

19    due by November 27, 2023.  The motion also states that petitioner no longer has a copy of the

20    petition, and requests a copy of the docket and reiterates his request for a guardian ad litem.  Id.

21    The requests for an extension of time and a copy of the docket will be granted.  The court will

22    also provide a copy of the petition as a one-time courtesy.  However, the undersigned will once

23    again deny petitioner's request for a guardian ad litem.

24          Federal Rule of Civil Procedure 17(c)(2) provides that "[t]he court must appoint a

25    guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person

26    who is unrepresented in an action."  "[W]hen a substantial question exists regarding the mental

27    competence of a party proceeding pro se, the proper procedure is for the district court to conduct

28    a hearing to determine competence, so a guardian ad litem can be appointed, if necessary."  Allen

1

1   v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005) (citing Krain v. Smallwood, 880 F.2d 1119,

2   1121 (9th Cir. 1989)).  In determining whether substantial evidence of incompetence is presented,

3   the district court may consider sworn declarations from the pro se party or other inmates, sworn

4   declarations or letters from treating psychiatrists or psychologists, and his medical history.  Id. at

5   1152.  However, the court need not hold a competency hearing "when it is clear that a litigant has

6   no protectable interest."  Harris v. Mangum, 863 F.3d 1133, 1138-39 (9th Cir. 2017).

7          A person's capacity to sue is measured by the standard of the law of his domicile.  Fed. R.

8   Civ. P. 17(b)(1).  Here, that means California state law.  "In California, a party is incompetent if

9   he or she lacks the capacity to understand the nature or consequences of the proceeding, or is

10  unable to assist counsel in the preparation of the case."  Golden Gate Way, LLC v. Stewart, 2012

11  WL 4482053, at *2, 2012 U.S. Dist. LEXIS 140780, at *11-12 (N.D. Cal. Sept. 28, 2012) (citing

12  In re Jessica G., 93 Cal. App. 4th 1180, 1186 (Cal. Ct. App. 2001); Cal. Civ. Proc. Code § 372; In

13  re Sara D., 87 Cal. App. 4th 661, 666-67 (Cal. Ct. App. 2001)).  This is a very high bar for

14  establishing incompetence.

15         Although petitioner asserts that he has been found to be incompetent to stand trial in his

16  state court criminal proceeding and is currently being involuntarily medicated as a result, he has

17  not provided a copy of the state court's order deeming him incompetent or any mental health

18  records substantiating the claim.  Even assuming petitioner's claims are true—given his current

19  placement at Atascadero State Hospital—while the petition was largely unintelligible, petitioner's

20  most recent filings are coherent and clearly articulate what relief he is seeking and the grounds on

21  which he believes he is entitled to such relief.  Compare ECF No. 1 with ECF Nos. 9, 11.  The

22  motion for an extension of time also demonstrates petitioner's understanding of the November 6,

23  2023 findings and recommendations, the process of objecting to said findings and

24  recommendations, and the need to request additional time.  ECF No. 11.  This indicates that

25  petitioner is currently capable of understanding the proceedings and representing himself in this

26  action.  Moreover, the petition was not so incomprehensible that the court is unable to determine

27  whether petitioner has a protectable interest that would warrant the appointment of a guardian ad

28  litem in this case.

As set forth in the November 6, 2023 findings and recommendations, petitioner's claims are unexhausted in state court and therefore cannot proceed in federal court at this time.  ECF No. 10.  Appointment of a guardian ad litem would not change this fact.  Moreover, because the claims are unexhausted, dismissal would be without prejudice, and petitioner would not be barred from pursing his claims once he has exhausted them in state court, meaning there are no negative collateral consequences from having filed this petition.  See Harris, 863 F.3d at 1139 (interest in not accruing strikes under 28 U.S.C. § 1915(g) could warrant appointment of guardian ad litem where guardian could avoid strike by voluntarily dismissing action).  Additionally, since the proceedings are ongoing, it does not appear that there are any concerns related to the statute of limitations.  The findings and recommendations similarly outline reasons why the petition should not be converted to an action under § 1983, and dismissal of the petition in this case would not prevent petitioner from bringing a separate § 1983 action to address any civil rights violations not already being addressed in Bennett v. Monroe Detention Center, No. 2:22-cv-2157 DB (E.D. Cal.).  The court therefore finds that petitioner has no protectable interest in this case that would warrant the appointment of a guardian ad litem.

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's motion for an extension of time and for copies (ECF No. 11) is GRANTED.

2.  Petitioner shall have an additional thirty days, up to December 27, 2023, to file objections to the November 6, 2023 findings and recommendations.

3.  The Clerk of the Court is directed to send petitioner a one-time courtesy copy of the docket and petition in this case.

4.  Petitioner's motion for appointment of a guardian ad litem (ECF No. 11) is DENIED.

DATED: November 20, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3