UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOE BIDEN,<br><br>　　　　Defendant. | No. 2:23-cv-00619-DAD-AC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION<br><br>(Doc. Nos. 10, 19) |

　　　　Petitioner David Bennett is proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On November 6, 2023, the assigned magistrate judge issued findings and recommendations recommending that petitioner's federal habeas petition be dismissed due to petitioner's failure to state a cognizable claim because "[t]he petition is largely unintelligible, but it appears to allege a litany of constitutional rights violations and violations of the Americans with Disabilities Act stemming from competency proceedings in petitioner's criminal case." (Doc. No. 10 at 1.) The magistrate judge also recommended that the court decline to re-characterize the petition as a civil rights complaint because of "the disadvantages that recharacterization may have on petitioner's claims, and petitioner's references to another case he is pursuing in this court that

1 appears to address any claims that would give rise to a civil rights action." (*Id.* at 4.) The
2 pending findings and recommendations were served upon petitioner and contained notice that any
3 objections thereto were to be filed within fourteen (14) days after service. (*Id.*) Petitioner
4 requested and received two lengthy extensions of time in which to file his objections to the
5 pending findings and recommendations. (Doc. Nos. 11, 12, 15, 16.) Nonetheless, to date,
6 petitioner has not filed any objections and the time in which to do so has passed.[1]

7 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
8 *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the
9 pending findings and recommendations are supported by the record and proper analysis.

10 Having concluded that the pending petition must be dismissed, the court also declines to
11 issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute
12 right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v.*
13 *Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may
14 only issue a certificate of appealability when a petitioner makes a substantial showing of the
15 denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas
16 relief on procedural grounds without reaching the underlying constitutional claims, the court
17 should issue a certificate of appealability "if jurists of reason would find it debatable whether the
18 petition states a valid claim of the denial of a constitutional right and that jurists of reason would
19 find it debatable whether the district court was correct in its procedural ruling." *Slack v.*
20 *McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists
21 would not find the court's determination that the pending petition must be dismissed to be
22 debatable or wrong. Thus, the court declines to issue a certificate of appealability.
23 /////

---

[1] On March 20, 2024, petitioner filed a document captioned "motion for leave to amend the complaint and objection to denying a stay," though in that filing, petitioner also states that he does not object to the pending findings and recommendations. (Doc. No. 19.) Moreover, although in that filing petitioner purports to seek leave to file an amended complaint, he does not include a copy of the proposed amended complaint or otherwise indicate what amendments he would make in an amended complaint. Accordingly, the court will deny petitioner's pending motion (Doc. No. 19) as having been rendered moot by this order.

Accordingly,

1. The findings and recommendations issued on November 6, 2023 (Doc. No. 10) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed;
3. Petitioner's motion for leave to file an amended complaint (Doc. No. 19) is denied as having been rendered moot by this order;
4. The court declines to issue a certificate of appealability; and
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **April 24, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE