UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT,<br><br>           Petitioner,<br><br>      v.<br><br>JOE BIDEN,<br><br>           Respondent. | No. 2:23-cv-00619-DAD-AC (HC)<br><br>ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND THE JUDGMENT<br><br>(Doc. No. 22) |

Petitioner David Bennett is proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 25, 2024, the court dismissed and closed this action due to petitioner's failure to state a cognizable claim for federal habeas relief.  (Doc. No. 20.)  In particular, the court explained that "[t]he petition is largely unintelligible, but it appears to allege a litany of constitutional rights violations and violations of the Americans with Disabilities Act stemming from competency proceedings in petitioner's criminal case."  (*Id.* at 1.)  That same day, judgment was entered.  (Doc. No. 21.)

On May 9, 2024, petitioner filed the pending motion "to alter or amend judgment on the wrongful PC § 1379 conviction" pursuant to Federal Rule of Civil Procedure 59(e).  (Doc. No. 22 at 1.)

1

1    Rule 59(e) "motions to reconsider are not vehicles permitting the unsuccessful party to
2    'rehash' arguments previously presented." *United States v. Navarro*, 972 F. Supp. 1296, 1299
3    (E.D. Cal. 1997), *rev'd on other grounds*, 160 F.3d 1254 (9th Cir. 1998), (rejecting "after
4    thoughts" and "shifting of ground" as appropriate grounds for reconsideration under Rule 59(e));
5    *see also Goodlow v. Camacho*, No. 3:18-cv-0709-CAB-MDD, 2020 WL 6799381, at *1 (S.D.
6    Cal. Nov. 19, 2020) (noting that parties may not use Rule 59(e) to "relitigate old matters, or to
7    raise arguments or present evidence that could have been raised prior to the entry of judgment")
8    (citation omitted); *United States v. Westlands Water Dist.,* 134 F. Supp. 2d 1111, 1131 (E.D. Cal.
9    2001) (noting that the moving party must show "more than a disagreement with the Court's
10   decision, and [that] recapitulation of the cases and arguments considered by the court before
11   rendering its original decision fails to carry the moving party's burden"); *Costello v. U.S. Gov't*,
12   765 F. Supp. 1003, 1009 (C.D. Cal. 1991) (noting that "courts avoid considering Rule 59(e)
13   motions where the grounds for amendment are restricted to either repetitive contentions of
14   matters which were before the court on its prior consideration or contentions which might have
15   been raised prior to the challenged judgment").

16   "A Rule 59(e) motion may be granted if '(1) the district court is presented with newly
17   discovered evidence, (2) the district court committed clear error or made an initial decision that
18   was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v.*
19   *McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d
20   734, 737 (9th Cir. 2001)).  A Rule 59(e) motion seeks "a substantive change of mind by the
21   court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988), and "is an extraordinary remedy
22   which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir.
23   1999).

24   Here, as with his petition, petitioner's pending motion is also unintelligible.  Petitioner's
25   motion consists of dozens of pages of rambling assertions with lengthy lists of statutes and case
26   citations.  (*See* Doc. No. 22.)  Petitioner simply fails to articulate any coherent request or
27   argument whatsoever.  Thus, petitioner's motion to alter or amend the judgment will be denied.
28   /////

2

Accordingly,

1. Petitioner's motion to alter or amend the judgment (Doc. No. 22) is denied;
2. This case shall remain closed;
3. No further filings will be entertained in this closed case; and
4. The Clerk of the Court is directed to reject and return all future documents submitted in this case.

IT IS SO ORDERED.

Dated: **May 14, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE